UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| DIVYANG GOSWAMI, | : | CASE NO. 20-66432-PWB |
| | : | |
| Debtor. | : | |
| | : | |
| S. GREGORY HAYS, Chapter 7 Trustee for the Estate of Divyang Goswami, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | Adv. Pro. No. _____ |
| | : | |
| NEENA D. GOSWAMI, | : | |
| | : | |
| Defendant. | : | |

**COMPLAINT**

COMES NOW S. Gregory Hays, as Chapter 7 Trustee (the "**Plaintiff**" or "**Trustee**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Divyang Goswami ("**Debtor**"), by and through undersigned counsel, and files this *Complaint* against Neena D. Goswami ("**Defendant**" or "**Ms. Goswami**"), respectfully showing the Court as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 and 1334.

2. This adversary proceeding is a core proceeding under 28 U.S.C. §§ 157(b)(2).

3. This adversary proceeding is initiated under Rules 7001(1) and (3) of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. §§ 544, 550, and 551.

15859153v2

4. Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409(a) because this adversary proceeding arises in and relates to the Chapter 7 bankruptcy case of Divyang Goswami, Case No. 20-66432-PWB (the "**Bankruptcy Case**") pending in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division (the "**Bankruptcy Court**").

5. Plaintiff consents to the entry of final orders or judgment by the Bankruptcy Court pursuant to Bankruptcy Rule 7008 of the Federal Rules of Bankruptcy Procedure.

6. Defendant is subject to the jurisdiction of this Court.

## Statement of Facts

### a. General Background

7. Debtor filed a voluntary petition under Chapter 7 of Title 11 of the United States Code (the "**Bankruptcy Code**") on May 17, 2020 (the "**Petition Date**") and initiated the Bankruptcy Case.

8. Plaintiff was appointed to the Bankruptcy Case as the interim Chapter 7 Trustee on the Petition Date under 11 U.S.C. § 701(a)(1).

9. At the conclusion of the meeting of creditors, which was conducted in accordance with 11 U.S.C. § 341(a) on June 22, 2020, Plaintiff became the permanent Chapter 7 Trustee under 11 U.S.C. § 702(d). The duties of Plaintiff include an obligation to "collect and reduce to money the property of the [Bankruptcy E]state. . . ." 11 U.S.C. § 704(a)(1) (2020).

### b. The Property, the Transfers and the Condemnation Action

10. On or about January 7, 2011, the Federal Deposit Insurance Corporation, as Receiver for AmTrust Bank transferred that certain real property and improvements known generally as 3220 Westbrook Road, Suwanee, Gwinnett County, Georgia 30024 (the "**Property**") to Debtor. The deed through which the transfer to Debtor was accomplished was

15859153v2

recorded on the real property records of Gwinnett County, Georgia (the "**Real Estate Records**") on or about January 18, 2011 at Page 241 of Deed Book 50494.

11. On or around May 22, 2014, Debtor transferred the Property to Defendant via a *Warranty Deed* (the "**Warranty Deed**") (the "**First Transfer**").

12. The Warranty Deed was recorded on the Real Estate Records on May 28, 2014 (the "**Second Transfer**", and together with the First Transfer, the "**Transfers**") beginning at Page 376 of Deed Book 52938.

13. A true and correct copy of the Warranty Deed, along with any riders, is attached hereto and incorporated herein by reference as Exhibit "A."

14. Upon information and belief, Defendant paid no value to Debtor for the Transfers, and Debtor received no consideration for the Transfers.

15. Upon information and belief, at the time of the Transfers, the Property was unencumbered.

16. On June 25, 2015, Gwinnett County, Georgia (the "**Condemnor**") filed a condemnation petition in the Superior Court of Gwinnett County initiating Civil Action File No. 15-A-06859-2 against Defendant and the Property (the "**Condemnation Action**"). On May 6, 2016, the Superior Court of Gwinnett County entered the Consent Final Order (the "**Consent Final Order**") ordering that the Condemnor pay Defendant $140,000.00 in exchange for its acquisition of the Property. The Consent Final Order was filed on the Real Estate Records on May 6, 2016 beginning at Page 424 of Deed Book 54885.

17. A true and correct copy of the Consent Final Order is attached hereto and incorporated herein by reference as Exhibit "B."

15859153v2

18. During the course of this adversary proceeding, Trustee may learn (through discovery or otherwise) of additional transfers made to Defendant during the four years prior to the Petition Date or after the Petition Date, or during any applicable period under the Bankruptcy Code or other applicable law. It is Trustee's intention to avoid and recover, under federal and state law, all transfers of any interest of Debtor in property made to or for the benefit of Defendant or any other transferee, including but not limited to preferential, fraudulent, and unauthorized post-petition transfers. Trustee reserves the right to amend this Complaint to include: (i) further information regarding the Transfers, (ii) additional transfers, (iii) modifications of and/or revision to Defendant's name, and/or (iv) additional defendants that may become known to Trustee at any time during this adversary proceeding, through formal discovery or otherwise, and for all such amendments to relate back to the date of filing of this original Complaint.

## Count I:

## Avoidance of Transfers
## Under 28 U.S.C. §§ 3304(b) and 3306, or Other Applicable Law, and 11 U.S.C. § 544

19. Plaintiff hereby realleges the allegations of paragraphs 1 through 18 above as though fully set forth herein.

20. As of the Petition Date, Debtor scheduled his total unsecured debts in the amount of $710,975.00. [Doc. No. 1 at Page 30 of 64]. Debtor did not schedule any secured claims.

21. As of the Petition Date, Debtor scheduled his assets as having a total value of $262,900.00. [Doc. No. 1 at Page 19 of 64].

22. Upon information and belief, Debtor's financial condition did not materially change from the date of the Transfers to the Petition Date.

15859153v2

23.     On his Schedules, Debtor listed the U.S. Small Business Administration ("**SBA**") as having a claim in the amount of $420,756.00.  [Doc. No. 1 at p. 28 of 64].

24.     The SBA filed Proof of Claim No. 2-1 on October 5, 2020 in the amount of $786,994.91.  The SBA Proof of Claim attached a Personal Guaranty executed by the Debtor and dated May 31, 2013 to guarantee a loan in the amount of $2,134,000.00.  [Claim No. 2-1 at p. 7 of 11].

25.     The Transfers were transfers of an interest of Debtor in property.

26.     The Transfers made by Debtor during the period leading up to the Petition Date are voidable transfers under applicable law.

27.     Because the trustee is able to stand in the shoes of the SBA and assert fraudulent transfer claims, he may apply the six-year reach-back period under 28 U.S.C. § 3306(b).

28.     At the time of the Transfers, Debtor had creditors, including the SBA, which creditors had not and still have not been paid in full for their debts.

29.     At the time of the Transfers, the Debtor was insolvent, or the Transfers rendered him insolvent.

30.     The Debtor made the Transfers with the actual intent to hinder, delay, or defraud her creditors, as evidenced by the following "badges of fraud:"  (a) Debtor received no monetary consideration or value in exchange for the Transfers; (b) the Transfers were to or for the benefit of an insider, Debtor's wife; (c) prior to and at the time of the Transfers, the Debtor had substantial debts which remain unpaid; and (d) Debtor was insolvent or rendered insolvent as a result of the Transfers.

31.     Trustee is entitled to avoid the Transfers under 28 U.S.C. § 3304(b), or other applicable law, and 11 U.S.C. § 544(b).

15859153v2

### COUNT II:

### Avoidance of Transfers
### Under 28 U.S.C. §§ 3304(a) and 3306, or Other Applicable Law, and 11 U.S.C. § 544; Alternative Count

32. Plaintiff hereby realleges the allegations of paragraphs 1 through 18 above as though fully set forth herein.

33. As of the Petition Date, Debtor scheduled his total unsecured debts in the amount of $710,975.00. [Doc. No. 1 at Page 30 of 64]. Debtor did not schedule any secured claims.

34. As of the Petition Date, Debtor scheduled his assets as having a total value of $262,900.00. [Doc. No. 1 at Page 19 of 64].

35. Upon information and belief, Debtor's financial condition did not materially change from the date of the Transfers to the Petition Date.

36. On his Schedules, Debtor listed the U.S. Small Business Administration ("**SBA**") as having a claim in the amount of $420,756.00. [Doc. No. 1 at p. 28 of 64].

37. The SBA filed Proof of Claim No. 2-1 on October 5, 2020 in the amount of $786,994.91. The SBA Proof of Claim attached a Personal Guaranty executed by the Debtor and dated May 31, 2013 to guarantee a loan in the amount of $2,134,000.00. [Claim No. 2-1 at p. 7 of 11].

38. The Transfers constituted transfers of an interest of the Debtor in property.

39. The Transfers were made within six (6) years of the Petition Date.

40. Because the trustee is able to stand in the shoes of the SBA and assert fraudulent transfer claims, he may apply the six-year reach-back periods under 28 U.S.C. § 3306(b).

41. At the time of the Transfers, Debtor had creditors, including the SBA, which creditors had not and still have not been paid in full for their debts.

15859153v2

42. Debtor received less than reasonably equivalent value in exchange for the Transfers.

43. At the time of the Transfers, the Debtor was insolvent, or the Transfers rendered him insolvent.

44. Trustee is entitled to avoid the Transfers under 28 U.S.C. § 3304(a), or other applicable law, and 11 U.S.C. § 544(b).

## Count III:

### Recovery of the Avoided Transfers
### Under 11 U.S.C. § 550

45. Plaintiff realleges the allegations of paragraphs 1 through 43 above as though fully set forth herein.

46. Defendant was the initial transferee of the Transfers and/or the person for whose benefit the Transfers were made.

47. Pursuant to 11 U.S.C. § 550(a)(1), Plaintiff is entitled to recover for the Estate the Property transferred through the Transfers, or the value of the avoided Transfers, from Defendant.

## Count IV:

### Preservation of the Avoided Transfers
### Under 11 U.S.C. § 551

48. Plaintiff realleges the allegations of paragraphs 1 through 46 above as though fully set forth herein.

49. Once avoided, the Transfers are automatically preserved for the benefit of the Estate, pursuant to 11 U.S.C. § 551.

WHEREFORE, Plaintiff prays that the Court enter a judgment in favor of Plaintiff and against Defendant:

a) avoiding the Transfers under 28 U.S.C. §§ 3304(b) and 3306 and 11 U.S.C. § 544(b), or other applicable law;

b) alternatively, avoiding the Transfers 28 U.S.C. §§ 3304(a) and 3306 and 11 U.S.C. § 544(b), or other applicable law;

c) finding Defendant liable for the value of the Transfers pursuant to 11 U.S.C. § 550;

d) preserving the avoided Transfers for the benefit of the Estate, under 11 U.S.C. § 551; and

e) granting any other relief the Court finds just and proper.

Respectfully submitted this 16th day of May, 2022.

        ARNALL GOLDEN GREGORY, LLP
        *Attorneys for Plaintiff*

        By:*/s/   Michael J. Bargar*
           Michael J. Bargar
           Georgia Bar No. 645709
           michael.bargar@agg.com

171 17th Street, N.W., Suite 2100
Atlanta, Georgia 30363
P: (404) 873-8500
F: (40) 873-8501

15859153v2

EXHIBIT "A" FOLLOWS

15859153v2

BK52938 PG0376

PT-61 # 07-2014-011456
GWINNETT CO GEORGIA
REAL ESTATE TRANSFER TAX
$ 0

RICHARD T ALEXANDER, JR CLERK OF
SUPERIOR COURT

FILED & RECORDED
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA

14 MAY 28 AM 8:00

RICHARD ALEXANDER, CLERK

After Recording Return To
Patterson Law Group, LLC
3440 Preston Ridge Rd.
Suite 150
Alpharetta, GA 30005
File No. GOSWAMI

## WARRANTY DEED

STATE OF GEORGIA
COUNTY OF GWINNETT

**DOCUMENT PREPARATION ONLY**

This Indenture made this 22nd day of May in the year 2014 between DIVYANG B. GOSWAMI of the County of Gwinnett, State of Georgia, as party or parties of the first part, hereinafter called Grantor, and NEENA D GOSWAMI as party or parties of the second part, hereinafter called Grantee (the words "Grantor" and "Grantee" to include their respective heirs, successors and assigns where the context requires or permits)

WITNESSETH that: Grantor, for and in consideration of the sum of TEN AND 00/100'S ($10.00) Dollars and other good and valuable considerations in hand paid at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, has granted, bargained, sold, aliened, conveyed and confirmed, and by these presents does grant, bargain, sell, alien, convey and confirm unto the said Grantee,

EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF BY REFERENCE.

THIS CONVEYANCE is subject to all restrictions and easements of record.

TO HAVE AND TO HOLD the said tract or parcel of land, with all and singular the rights, members and appurtenances thereof, to the same being, belonging, or in anywise appertaining, to the only proper use, benefit and behoof of the said Grantee forever in FEE SIMPLE.

AND THE SAID Grantor will warrant and forever defend the right and title to the above-described property unto the said Grantee against the claims of all persons whomsoever.

IN WITNESS WHEREOF, the Grantor has signed and sealed this deed, the day and year above written.

Signed, sealed and delivered in the presence of:

_____ Witness

_____ (Seal)
DIVYANG B. GOSWAMI

_____ Notary Public

_____ (Seal)

_____ (Seal)

_____ (Seal)

[Notary Seal: JULIE A MASON, NOTARY PUBLIC, GWINNETT COUNTY, GEORGIA, COMMISSION EXPIRES JULY 24, 2018]

0038707

BK52938 PG0377

## EXHIBIT "A"

### Legal Description

ALL THAT Tract or parcel of land lying and being in Land Lot 213 of the 7th Land District of Gwinnett County, Georgia and being more particularly described as follows:

To find the point of beginning, commence at the intersection of the westerly right of way of Westbrook Road (60 foot R/W) and the centerline of Ivy Creek, said point being the True Point of Beginning;

Thence from said point as thus established and continuing along said right of way of Westbrook Road for the following two (2) courses and distances: south 09 degrees 52 minutes 57 seconds east for a distance of 135.60 feet to a point; thence along a curve to the right having a radius of 379.26 feet and an arc length of 118.85 feet, being subtended by a chord of south 00 degrees 54 minutes 17 seconds east for a distance of 118.37 feet to a point; thence leaving said right of way, north 81 degrees 55 minutes 37 seconds west for a distance of 69.06 feet to a point; thence along a curve to the left having a radius of 164.43 feet and an arc length of 16.68 feet, being subtended by a chord of north 55 degrees 28 minutes 46 seconds west for a distance of 16.67 feet to a point; thence north 53 degrees 27 minutes 23 seconds west for a distance of 58.03 feet to a point; thence north 57 degrees 04 minutes 45 seconds west for a distance of 9.62 feet to a point; thence north 58 degrees 03 minutes 59 seconds west for a distance of 62.25 feet to a point; thence north 59 degrees 09 minutes 49 seconds west for a distance of 59.72 feet to a point; thence north 58 degrees 13 minutes 58 seconds west for a distance of 53.97 feet to a point; thence north 54 degrees 26 minutes 57 seconds west for a distance of 63.39 feet to a point; thence north 42 degrees 59 minutes 14 seconds west for a distance of 60.43 feet to a point; thence north 32 degrees 07 minutes 43 seconds west for a distance of 15.99 feet to a point; thence north 22 degrees 55 minutes 43 seconds west for a distance of 53.20 feet to a point; thence north 16 degrees 06 minutes 33 seconds west for a distance of 21.67 feet to a point; thence north 00 degrees 46 minutes 04 seconds west for a distance of 42.98 feet to a point; thence north 13 degrees 36 minutes 23 seconds east for a distance of 32.60 feet to a point; thence south 71 degrees 15 minutes 16 seconds east for a distance of 7.01 feet to a point; thence along a curve to the right having a radius of 133.13 feet and an arc length of 123.66 feet, being subtended by a chord of north 45 degrees 21 minutes 22 seconds east for a distance of 119.26 feet to a point; thence north 71 degrees 57 minutes 59 seconds east for a distance of 162.70 feet to a point; thence along a curve to the left having a radius of 331.00 feet and an arc length of 69.82 feet being subtended by a chord of north 65 degrees 55 minutes 26 seconds east for a distance of 69.69 feet to a point; thence south 65 degrees 05 minutes 01 seconds east for a distance of 45.93 feet to a point; thence along a curve to the left having a radius of 439.26 feet and an arc length of 123.53 feet, being subtended by a chord of south 01 degree 49 minutes 34 seconds east for a distance of 123.12 feet to a point; thence south 09 degrees 52 minutes 57 seconds east for a distance of 158.31 feet to a point, said point being the true point of beginning, said property contains 3.356 acres in Gwinnett County, Georgia;

Being that same tract as described on that certain plat prepared for Divyang Goswami by S.G. Shepherd, Jr. GA R.L.S. No 2136 of Grant Shepherd & Associates, Inc., dated December 1, 2010, and recorded in Plat Book 127, Page 71, Gwinnett County, GA Records, being 3.356 acres more or less.

Map Reference No. R7213-053 and R7213-057

EXHIBIT "B" FOLLOWS

15859153v2

BK54885 PG0424

FILED IN OFFICE
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA

IN THE SUPERIOR COURT OF GWINNETT COUNTY

STATE OF GEORGIA

16 MAY -6 PM 2:27

RICHARD ALEXANDER, CLERK

| | | |
|---|---|---|
| GWINNETT COUNTY, GEORGIA, | ) | |
| Condemnor, | ) | CIVIL ACTION FILE NO. 15-A-06859-2 |
| | ) | |
| v. | ) | |
| | ) | 300631 |
| NEENA D. GOSWAMI; and | ) | |
| 3.356 acres of land, | ) | |
| | ) | |
| Condemnee. | ) | |

## CONSENT FINAL ORDER

WHEREAS, a condemnation petition (the "Petition") was filed by Gwinnett County, Georgia ("Condemnor") in the above-styled action on June 25, 2015, at which time $100,000 was paid into the Registry of the Court;

WHEREAS, pursuant to the Petition, the Condemnor acquired 3.356 acres of property located at 3220 Westbrook Road, Suwanee, Georgia 30024 owned by Neena D. Goswami ("Condemnee");

WHEREFORE, all parties having consented to the following terms, and for good cause shown, it is hereby ordered and adjudged as follows:

1.

$140,000 is the total just and adequate compensation to be paid to the Condemnee herein. This sum represents the sum total of just and adequate compensation including, but not limited to, the fair market value of the acquisition of land in fee simple, consequential damages, any and all additional claims, any claim for damages (including but not limited to claims for inverse condemnation or nuisance) for any and all interests of Condemnee in the property acquired or damaged by the Condemnor, litigation expenses or attorneys fees, or for any other claims, causes

FILED & RECORDED
RICHARD ALEXANDER, CLERK
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA
17 JAN 23 PM 2:36

0006955



Case 22-05077-pwb    Doc 1    Filed 05/16/22    Entered 05/16/22 10:56:20    Desc Main
Type: DEED    Book: 54885    Page: 0425    Document    Page 14 of 15

BK54885 PG0425

of action, or rights that Condemnee may have against the Condemnor as a result of this acquisition by the Condemnor.

2.

On or by May 16, 2016, Condemnor shall deposit the additional sum of $40,000 into the registry of court. The Clerk of Court shall promptly thereafter disburse said $40,000, plus any interest accrued thereon to Condemnee, payable to "Andersen, Tate & Carr, P.C. Escrow Account," and shall make said check available to Condemnee's counsel, R. Matthew Reeves of the law firm Andersen, Tate & Carr. Upon disbursement of said funds, Condemnee's notice of appeal will be dismissed, and this case marked closed on the Court's docket.

3.

This is the Final Order herein, which adjudicates Condemnor's claims, and Condemnee's notice of appeal and rights to just and adequate compensation.

IT IS SO ORDERED this 6 day of May, 2016.

*/s/ Debra K. Turner*
DEBRA K. TURNER, Judge
Superior Court of Gwinnett County

2

BK54885 PG0426

PRESENTED BY:

Attorney for Condemnee

_____
R. Matthew Reeves
State Bar No. 598808
Andersen, Tate & Carr, PC
One Sugarloaf Centre
1960 Satellite Blvd., Ste. 4000
Duluth, GA 30097
(770) 822-0900

CONSENTED TO BY:

Attorney for Condemnor Gwinnett County, Georgia

_____
Richard A. Carothers
State Bar No. 111075
Angela C. Couch
State Bar No. 190005
Carothers & Mitchell, LLC
1809 Buford Highway
Buford, GA 30518

3